# STATE OF MICHIGAN

# COURT OF APPEALS

In re LEONARD, Minors.

UNPUBLISHED
August 30, 2018

No. 340557
Washtenaw Circuit Court
Family Division
LC No. 15-000140-NA

Before: SHAPIRO, P.J., and M. J. KELLY and O'BRIEN, JJ.

O'BRIEN, J. (*dissenting*).

Because I believe that the trial court did not clearly err in finding by a preponderance of the evidence that termination was in the children's best interests, I respectfully dissent.

"[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). "This Court reviews for clear error the trial court's ruling . . . that termination is in the children's best interest." *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011). A decision is clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *In re JK*, 468 Mich 202, 209-210; 661 NW2d 216 (2003). A best-interest determination is focused on the child rather than the parent. *In re Schadler*, 315 Mich App 406, 411; 890 NW2d 676 (2016).

Respondent admitted that termination was appropriate under MCL 712A.19b(3)(j), which provides grounds for termination when "there is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent." After a two-day hearing on the children's best interests, the trial court delivered a detailed best-interest analysis in which it explained why it was in the children's best interests to terminate respondent's rights based on his extensive history of viewing child pornography.

The trial court explained that respondent's collecting and viewing of child pornography brought into question his relationship with the children, AL and LL. The evidence established that respondent viewed pornographic material of children in the same age range as AL and LL, and that most of the viewing occurred while the children were still in his care. I believe that the trial court appropriately considered this evidence as bringing into question respondent's bond with AL and LL, even in light of the contradictory evidence. In other words, I believe that the trial court appropriately questioned respondent's bond with AL and LL—by addressing whether it was a "healthy" bond—based on the apparent inconsistencies between evidence of

-1-

respondent's strong bond with AL and LL and his viewing of pornographic material depicting children the same age as AL and LL while AL and LL were in his care.

The trial court's best-interest analysis also addressed the children's needs for permanency, stability, and finality. It expressed concern over respondent's addiction and its unknown origin, and questioned whether the addiction was curable. The trial court's concerns were supported by the evidence: no one could offer an explanation for why respondent began looking at child pornography, and Miller testified that respondent's recovery of his addiction would be a life-long process. The trial court correctly equated these concerns to uncertainty over the children's future if left in respondent's care. In that light, consideration of respondent's ability to address and overcome his addiction to child pornography was especially pertinent because respondent admitted that there was a reasonable likelihood that, based on his viewing of child pornography, the children would likely be harmed if returned to his care.

The trial court also reasoned that termination was in the children's best interests because downloading child pornography was "a form of domestic violence." While I agree with the majority that this statement is inaccurate, I do not see this as a reason to vacate the trial court's order. I think that the statement is reasonably read as finding that respondent's actions were harmful, and the trial court explained why: watching child pornography promotes an industry that unequivocally harms the children exploited in the pornographic material. The fact that respondent did not consider this harm when he viewed the material—especially when the children in the material were the same age as AL and LL—raises uncertainty about whether he would be able to understand the effect of his actions in general on AL and LL. The trial court's concern over whether the children's well-being could be reasonably assured in respondent's care was proper, and it supports finding that termination was in the children's best interests. See *In re VanDalen*, 293 Mich App 120, 142; 809 NW2d 412 (2011) (in the context of unknown physical abuse, holding that the trial court did not clearly err by finding that termination was in the children's best interests because their "safety and well-being could not reasonably be assured").

Ultimately, while the trial court's best-interest analysis did not recite every fact in the record, I would nonetheless conclude that its decision was proper. The trial court explicitly acknowledged that "it should weigh all the evidence available to determine the child's best interest." It then focused its analysis on addressing the factors it found applicable to this case and explaining why those factors tended to support its decision. On this record and in light of the trial court's explanation, I am not left with a definite and firm conviction that termination was not in the children's best interests. For these reasons, I respectfully dissent.

/s/ Colleen A. O'Brien